UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF MISSISSIPPI
                         EASTERN DIVISION


CHARLEEN PRUITT, INDIVIDUALLY AND
ON BEHALF OF THE WRONGFUL DEATH HEIRS
OF MARTHA RUTH NIXON, DECEASED                          PLAINTIFF


VS.                          CIVIL ACTION NO. 2:13CV293-TSL-JCG


INVACARE CORPORATION,
ABC and DEF DEFENDANTS


                    <u>MEMORANDUM OPINION AND ORDER</u>

     This cause is before the court on the motion of plaintiff

Charleen Pruitt to amend her complaint to substitute or add as

defendants GF Health Products, Inc. (Graham-Field) and Available

Medical Supplies, Inc. (Available Medical).  Further, since

Available Medical's Mississippi citizenship is not diverse from

plaintiff's citizenship, plaintiff moves that following amendment

of her complaint, the court enter an order remanding this case to

the Circuit Court of Smith County, from which it was removed.

Defendant Invacare Corporation has responded to the motion

advising that while it has no opposition to the request to

substitute or add Graham-Field as a defendant, it opposes the

request to amend as it relates to Available Medical and hence also

opposes the motion to remand.  The court, having considered the

memoranda of authorities, together with attachments, submitted by

the parties, concludes that the motion to amend to add Available

Medical is not well taken and should be denied.  It follows that the motion to remand will be denied.  Further, as to Graham-Field, the court concludes that notwithstanding Invacare's lack of objection, the motion to amend to substitute or add Graham-Field as a defendant should be denied.

> Facts and Procedural History

On October 30, 2009, plaintiff Charleen Pruitt's 82-year old mother, Martha Ruth Nixon, died of asphyxiation when she became trapped between the bed rail and bed on her hospital bed.  On October 26, 2012, four days prior to expiration of the three-year statute of limitations,[1] Pruitt filed the present wrongful death action in the Circuit Court of Smith County asserting claims based on products liability against Invacare and two fictitious defendants (ABC and DEF) that she alleged were involved in the design, manufacture, sale and distribution of the hospital bed. More particularly, plaintiff alleged that the bed, bed rails, mattress and component parts of the subject bed were defective because the design of the bed rail and the fit of the bed rail to the bed created the risk of lethal entrapment and the use of an air mattress in conjunction with the bed rails increased the risk. Based on these allegations, plaintiff charged that Invacare, ABC and DEF are liable under the Mississippi Product Liability Act

---

[1]    See Miss. Code Ann. § 15-1-49(1) (establishing three-year statute of limitations).

2

(MPLA), Miss. Code Ann. § 11-1-63 et seq., for strict liability, negligence, and breach of warranty for design, manufacture, inadequate warnings and *res ipsa loquitur*.  On February 1, 2013, plaintiff served process on Invacare, following which Invacare timely removed the case to this court on the basis of diversity jurisdiction under 28 U.S.C. § 1332.[2]

Following removal, a case management order was entered May 21, 2013 establishing a December 2, 2013 discovery deadline. However, on October 29, 2013, Invacare filed on behalf of the parties a joint motion to extend the discovery deadline.  In that motion, Invacare stated that it had inspected the subject bed and bed rails and determined that while the bed was manufactured by Invacare, the bed rails were not.  Invacare further explained that while it had subpoenaed the files of Available Medical, the dealer who supplied the hospital bed and bed rails to plaintiff, Available Medical had advised that despite an exhaustive search, it could not locate any of the relevant records.  While plaintiff advised that she did not concede that Invacare did not manufacture the bed rails, the parties asserted in their motion to extend the discovery deadline that as a result of Available Medical's loss of its records relating to the products at issue, the parties had been prevented from identifying the manufacturer of the bed rails.

---

[2]     Pruitt is a citizen of Mississippi and Invacare is an Ohio corporation with its principal place of business in Ohio.

3

They reported that they "need[ed] additional time to pursue further efforts to locate the missing evidence that the dealer [has] been unable to locate" and needed "additional time and discovery to ascertain the manufacturer of the relevant bed rails in order that the Plaintiff can consider adding the bed rail manufacturer as a defendant in this case." The discovery deadline was extended to June 2, 2014.

On March 2, 2014, Invacare noticed the deposition of Larry Jenkins, owner of Available Medical. In his deposition, taken March 25, 2014, Jenkins identified the bed and mattress that his company supplied to Ms. Nixon as having been manufactured by Invacare, but he could not identify the manufacturer of the bed rails, which had no markings on them. However, Jenkins testified that his company only handled bed rails manufactured by two companies, Invacare and Graham-Field. And although he stated that it was his company's usual practice to use Invacare rails with Invacare beds, he acknowledged that it "could have happened that" it "mixed and matched" a bed and rails, using one company's bed and another company's rails.

<u>Plaintiff's Motion to Amend</u>

On September 17, 2014, plaintiff filed the present motion pursuant to Federal Rule of Civil Procedure 15(a)(2) to amend "to specifically identify two previously-named fictitious defendants whose identity was unknown when this suit was filed." In her

4

motion, plaintiff asserts that at the time she filed suit, she was unaware that Graham-Field or Available Medical was a proper defendant.  She states that she believed Available Medical was an "innocent seller" within the meaning of the Mississippi Products Liability Act's innocent seller exemption set forth in Mississippi Code Annotated § 11-1-63(h), and that she was thus prohibited from naming Available Medical as a defendant.[3]  She contends that she only became aware of Available Medical's identity as a proper defendant upon learning in Jenkins's deposition that Available Medical may have substantially altered or modified the Invacare bed by "mixing and matching" an Invacare bed with another manufacturer's rails and thereby forfeited its immunity as an innocent seller.  She further maintains that under Mississippi products liability law, if the bed rails causing/contributing to Ms. Nixon's death were manufactured by Graham-Field, then

---

[3]     By its terms, the intent of the innocent seller exemption is "to immunize innocent sellers who are not actively negligent, but instead are mere conduits of a product."  Miss. Code Ann. § 11-1-63(h).  The exemption provides that an innocent seller "shall not be liable" for any action pursuant to § 11-1-63(a) – which includes all products liability theories of recovery – unless the seller either: (1) "exercised substantial control over that aspect of the design, testing, manufacture, packaging or labeling of the product that caused the harm for which recovery of damages is sought"; (2) "altered or modified the product, and the alteration or modification was a substantial factor in causing the harm for which recovery of damages is sought"; or (3) "had actual or constructive knowledge of the defective condition of the product at the time he supplied the product."  Miss. Code Ann. § 11-1-63(h).

Graham-Field is unquestionably a proper defendant under the
theories of negligence and strict liability for defective design,
breach of warranty, and failure to warn.  She concludes that
"[j]ustice requires that [she] should be able to amend her
complaint to add/substitute these previously unknown defendants
and recover from all parties contributing to Ms. Nixon's death."

> Fed. R. Civ. P. 15: Amendment and Relation Back

Federal Rule of Civil Procedure 15(a) provides that leave to
amend the pleadings "shall be freely given when justice so
requires."  While the decision whether to grant a motion to amend
is committed to the court's discretion, the Fifth Circuit has
cautioned that in keeping with Rule 15(a), such a motion should
not be denied "unless there is a substantial reason to do so".
Jacobsen v. Osborne, 133 F.3d 315, 318 (5th Cir. 1998) (quoting
Leffall v. Dallas Indep. Sch. Dist., 28 F.3d 521, 524 (5th Cir.
1994)).  One such reason for denying a motion to amend is that the
amendment would be futile, Jacobsen, 133 F.3d at 318; and one
reason an amendment may be futile is if the claim(s) sought to be
asserted would be time-barred, id.

In the case at bar, it is undisputed that the statute of
limitations on all of plaintiff's claims expired on October 30,
2012.  Therefore, plaintiff's proposed amendment, sought nearly
five years after her claims accrued and two years after the
statute of limitations expired, is futile unless, under Federal

Rule of Civil Procedure Rule 15(c) or its state counterpart,

Mississippi Rule of Civil Procedure 15(c), it relates back to the

date of the original filing.  See id.

Federal Rule of Civil Procedure 15(c)(1) provides that an

amendment to a pleading relates back to the date of the original

pleading when:

> (A) the law that provides the applicable statute of
> limitations allows relation back;
> (B) the amendment asserts a claim or defense that arose
> out of the conduct, transaction, or occurrence set
> out--or attempted to be set out--in the original
> pleading; or
> (C) the amendment changes the party or the naming of the
> party against whom a claim is asserted, if Rule
> 15(c)(1)(B) is satisfied and if, within the period
> provided by Rule 4(m) for serving the summons and
> complaint, the party to be brought in by amendment:
>> (i) received such notice of the action that it
>> will not be prejudiced in defending on the
>> merits; and
>> (ii) knew or should have known that the action
>> would have been brought against it, but for a
>> mistake concerning the proper party's
>> identity.

In her motion and supporting memorandum, plaintiff states

that she "moves to *substitute* Fictitious Defendant 'ABC' with

Available Medical Supplies ... and Ficitious Defendant 'DEF' with

... Graham-Field." (Emphasis added).  She reiterates in her brief

that she "is only seeking to identify two previously-named

fictitious defendants whose identity was unknown when this suit

was filed."  The Fifth Circuit has held that Federal Rule

15(c)(1)(C) (formerly 15(c)(3)) does not allow relation back of an

7

amendment substituting a named party for a "John Doe" defendant, reasoning that "for a 'John Doe' defendant, there was no 'mistake' in identifying the correct defendant; rather, the problem was not being able to identify that defendant." Jacobsen, 133 F.3d at 320-21. That does not necessarily foreclose plaintiff's request to amend, however, since Federal Rule 15(c)(1)(A) allows for relation back when "the law that provides the applicable statute of limitations allows relation back." Fed. R. Civ. P. 15(c)(1). The advisory committee notes to the rule explain that "whatever may be the controlling body of limitations law, if that law affords a more forgiving principle of relation back than the one provided in this rule, it should be available to save the claim." Fed. R. Civ. P. 15(c)(1)(a) advisory committee note. Thus, if Mississippi's limitations law "affords a more forgiving principle of relation back than" Rule 15(c), then such state law "should be available to save the claim." Id.

In Anderson v. Alps Automotive, Inc., the Mississippi Supreme Court discussed the interplay between Mississippi's rules on amending a civil complaint to substitute true defendants for fictitious parties. 51 So. 3d 929, 932-33 (Miss. 2010). Mississippi Rule of Civil Procedure 9(h), which governs the use of fictitious parties, provides:

> When a party is ignorant of the name of an opposing party and so alleges in his pleading, the opposing party may be designated by any name, and when his true name is

8

discovered the process and all pleadings and proceedings
in the action may be amended by substituting the true
name and giving proper notice to the opposing party.

And Mississippi Rule of Civil Procedure 15(c), the state's

relation back provision, states:

Whenever the claim or defense asserted in the amended
pleading arose out of the conduct, transaction, or
occurrence set forth or attempted to be set forth in the
original pleading, the amendment relates back to the
date of the original pleading.  An amendment changing
the party against whom a claim is asserted relates back
if the foregoing provision is satisfied and, within the
period provided by Rule 4(h) for service of the summons
and complaint, the party to be brought in by amendment:
(1) has received such notice of the
institution of the action that he will not be
prejudiced in maintaining the defense on the
merits, and
(2) knew or should have known that, but for a
mistake concerning the identity of the proper
party, the action would have been brought
against him.  An amendment pursuant to Rule
9(h) is not an amendment changing the party
against whom a claim is asserted and such
amendment relates back to the date of the
original pleading.

Under these rules, "a true substitution for a fictitious party

will relate back to the original filing date under Miss. R. Civ.

P. 15(c)(2)."  Essary v. Wal-Mart Stores, Inc., No. 199CV338SA,

2000 WL 33907699, at *2-3 (N.D. Miss. Sept. 19, 2000).  However,

the Mississippi Supreme Court has held that "'[t]he relation back

privilege provided for fictitious parties under Rule 15(c)(2)

requires the plaintiff to actually exercise a reasonably diligent

inquiry into the identity of the fictitious party[,]'" Anderson,

51 So. 3d at 933 n.4 (internal quotation marks and citations

9

omitted), and further, that "[t]he plain language of Rule 9(h) contemplates that the plaintiff must amend her complaint 'in a reasonably diligent manner' once she learns the true identity of the fictitious party, id. at 934 (citation omitted).

Substitution: Available Medical Supplies

Invacare opposes plaintiff's motion as to Available Medical, arguing that it is not a proper fictitious party since plaintiff knew prior to filing suit that Available Medical sold the hospital bed and component parts to Ms. Nixon and could have sued Available Medical as a product seller under the MPLA when she originally brought this action.  It notes that § 11-1-63(h) may have provided immunity for Available Medical if it had not modified and misused the Invacare bed but that § 11-1-63(h) did not prohibit plaintiff from suing Available Medical.  Invacare further argues that plaintiff failed to exercise the requisite diligence to determine whether Available Medical was an innocent seller prior to filing suit on October 26, 2012.

In the court's opinion, there is no merit to plaintiff's suggestion that she was prohibited from suing Available Medical until she uncovered definitive proof that it was not an "innocent seller" within the contemplation of § 11-1-63(h).  Recently, in Thomas v. FireRock Products, LLC, the court determined that "given the opportunity, the Mississippi Supreme Court would hold that the innocent seller provision is an affirmative defense under the

10

MPLA," so that dismissal based on the innocent seller provision would be appropriate only if it was apparent from the face of the complaint that the seller was, in fact, an innocent seller. No. 3:13-CV-00109-DMB-JMV, 2014 WL 4197580, at *7 (N.D. Miss. Aug. 22, 2014). In this case, plaintiff was admittedly aware before filing suit that Available Medical had sold, delivered and assembled the bed at her home and hence was a "seller."

Even if the innocent seller exemption were not an affirmative defense, plaintiff has not demonstrated that she exercised reasonable diligence to ascertain whether she had a cause of action against Available Medical. In Womble v. Singing River Hospital, the Mississippi Supreme Court stated:

> It is a principle of general application ... that ignorance of the opposing party for fictitious party practice extends beyond mere lack of knowledge of the opposing party's name. Even if the plaintiff knows the true name of the person, *he is still ignorant of his name if he lacks knowledge of the facts giving him a cause of action against that person.*

618 So. 2d 1252, 1267 (Miss. 1993) (emphasis added). The court has made clear, however, that this language "does not give potential plaintiffs permission to sit on their rights." Rawson v. Jones, 816 So. 2d 367, 369 (Miss. 2001). The court observed in Rawson:

> We extrapolated on Womble in Doe v. Mississippi Blood Servs., Inc., 704 So. 2d 1016 (Miss. 1997), and held the relation back privilege afforded under Rule 9 requires a plaintiff to actually exercise a reasonably diligent inquiry into the identities of the fictitious party.

11

Id. at 1019.  The purpose of Rule 9(h) is to provide a
mechanism to bring in known, but unidentified,
responsible parties who may only be ascertained through
the use of judicial mechanisms such as discovery.  Id.

Rawson, 816 So. 2d at 369.  The Mississippi Supreme Court has

further counseled that the court must "make a strict inquiry as to

whether the plaintiff exercised reasonable diligence in

ascertaining the fictitious party's real identity." Gasparrini v.

Bredemeier, 802 So. 2d 1062, 1066 (Miss. Ct. App. 2001) (citing

Doe, 704 So. 2d at 1019).  Hence, even assuming plaintiff "was

truly ignorant of the facts giving [her] a cause of action against

[Available Medical]," id., she is not entitled to the benefit of

relation back unless she demonstrates that she exercised

reasonable diligence to ascertain whether Available Medical was a

proper defendant.  This, she has failed to do.

    Plaintiff declares that she believed Available Medical was an

"innocent seller" at the time she filed suit; but she has not

indicated what led her to this professed belief.  Was this merely

an assumption on her part, or was it a reasonable conclusion based

on investigation?  Likely it is the former as plaintiff has not

suggested that she made any investigation to determine the nature

or extent of Available Medical's involvement vis-a-vis the bed and

its component parts.  She obviously knew that Available Medical

did more than sell the bed:  It also delivered and assembled the

bed.  She knew that when it delivered the bed, Available Medical

did not provide any accompanying instructions, warnings or literature.  These facts alone would have warranted further investigation; and yet plaintiff has not shown that she made any investigation prior to filing suit.  Cf. Essary, 2000 WL 33907699, at *3 (denying relation back of amendment adding McDonald's as defendant, finding that plaintiffs "acted less than diligently in identifying the appropriate parties for suit", reasoning that since the accident occurred in vicinity of McDonald's concession inside Wal-Mart, plaintiffs, in three years of investigating the matter, should have considered the possibility that McDonald's might be at least partly responsible for the accident).

The record reflects that even after she filed suit, she did nothing towards ascertaining whether Available Medical was truly an "innocent seller."  After the initial case management order was entered May 21, 2013, plaintiff did not commence discovery. Moreover, as disclosed by the parties' first motion for extension of case management deadlines, plaintiff knew by no later than October 2013 that Invacare took the position that it did not manufacture the bed rails that were on the bed that had been delivered and assembled by Available Medical.  And yet not only did plaintiff not move to add Available Medical as a defendant at that time, she still did not commence discovery.  The court is obviously aware that the parties claimed that Available Medical's inability to locate its records hampered their efforts to identify

13

the manufacturer of the bed rails.  But that lack of records would not have hampered plaintiff's ability to promptly depose Available Medical to determine whether there was a basis for suit against that defendant.  And yet this was not done.  Under the circumstances, the court concludes that plaintiff failed to exercise reasonable diligence to identify Available Medical as a proper defendant.

Furthermore, even if plaintiff could be found to have been reasonably diligent in identifying Available Medical as a responsible party, she plainly did not move to amend her complaint "in a reasonably diligent manner" after learning, based on Larry Jenkins's deposition testimony, that Available Medical was a potentially liable party.  Jenkins was deposed on March 25, 2014.  Plaintiff waited nearly six months to file her motion to amend.  In the court's opinion, such delay is at odds with the requirement of reasonable diligence.  Indeed, the Mississippi Supreme Court has held that the phrase "when his true name is discovered" in Rule 9(h) "suggests that an immediate amendment of the complaint is required properly and timely to substitute a true defendant for the fictitiously named defendant." Anderson, 51 So. 3d at 932.  In the court's opinion, plaintiff cannot be said to have acted with the requisite diligence.  Cf. Anderson, 51 So. 3d at 934 (finding delay of more than nine months unreasonable); Ex parte Hensel Phelps Constr. Co., 7 So. 3d 999, 1001–02 (Ala. 2008)

(delay of seven months unreasonable) (cited with approval in Anderson).[4]  Accordingly, relation back is not available to her under Mississippi Rule 9(h).

   Substitution: Graham-Field

   Plaintiff asserts that just as she first learned in Larry Jenkins's deposition that Available Medical was not an "innocent seller", she also first learned the identity of Graham-Field as a potential manufacturer of the allegedly defective bed rails during that March 25, 2014 deposition.  She states that until that time, she had no reason to know of Available Medical's potential act of "mixing and matching" bed rails and beds.  Thus, according to plaintiff, she had no reason to know that the bed rails were not manufactured by Invacare, much less reason to know that Graham-Field may have manufactured the allegedly defective bed rails.

_____

        [4]     Plaintiff cites Scoggins v. Boston Scientific Corp., No. 2:08CV032-P-A, 2008 WL 1821498, at *3 (N.D. Miss. Apr. 22, 2008), as holding that a seven-month window between the filing of the original complaint and the motion to amend to substitute the proper fictitious party was not an unreasonable delay.  That is not an accurate characterization of Scoggins.  In Scoggins, the plaintiff originally filed suit against a Doe defendant that allegedly manufactured an allegedly defective product that caused him injury.  Less than four months later, he moved to amend to substitute Microinvasive as the named defendant.  It is not clear how soon he moved to amend after learning of Microinvasive's identity but it was no more than four months.  Two months after the motion to amend was filed, the court entered its order granting the motion to amend; and the plaintiff filed his amended complaint three weeks later.  Then, within three weeks of filing his amended complaint, the plaintiff learned that the true manufacturer was not Microinvasive but Boston Scientific and filed a second amended complaint adding Boston Scientific as the defendant.  There was no seven month delay in Scoggins.

She contends, therefore, that in the interest of justice, she
should be permitted to substitute Graham-Field for one of the
previously-identified fictitious defendants.  Invacare has advised
that it has no objection to the addition of Graham-Field (whose
joinder, unlike that of Available Medical, would not affect the
court's jurisdiction).  However, in the court's opinion, the
motion to amend to substitute Graham-Field should be denied,
notwithstanding the lack of objection by Invacare.  Plaintiff's
lack of information regarding Graham-Field's potential involvement
is a direct consequence of her apparent lack of diligence in
pursuing discovery as to Available Medical.  But even if she had
exercised reasonable diligence to identify all potentially liable
parties, she admits she knew in March 2014 of Graham-Field's
potential involvement; and yet she delayed in seeking to amend for
nearly six months.  Thus, just as with Available Medical,
plaintiff may not rely on relation-back principles to support her
request to amend to substitute Graham-Field as a defendant.

Addition: Available Medical

Plaintiff argues in her reply brief that even if the court
determines that her proposed amendment to *substitute* Available
Medical does not qualify for relation-back under Mississippi Rule
9(h), her proposed amendment is still proper as it relates back
under Mississippi Rule 15(c) and/or Federal Rule 15(c)(1)(C) since
her claims arise out of the same conduct, transaction, or

16

occurrence, and since Available Medical had notice within the time frame established by Rule 15(c) and knew or should have known that it would have been sued but for plaintiff's mistake as to its identity/status.  To the extent that plaintiff now purports to seek to *add* Available Medical as a defendant rather than *substitute* it for a previously-unnamed fictitious defendant, the motion is not well taken.

As the Fifth Circuit has held that the failure to name the correct defendant due to a lack of knowledge of the proper party is not a "mistake", the relation back doctrine is unavailable to plaintiff, regardless of whether she seeks to substitute or to add Available Medical as a defendant.  See Jacobsen, 133 F.3d at 321 ("'[F]ailing to identify individual defendants cannot be characterized as a mistake.'"); see also Miller v. Mancuso, 388 Fed. App'x 389, 391 (5th Cir. 2010) ("Rule 15(c) 'is meant to allow an amendment changing the name of a party to relate back to the original complaint only if the change is the result of an error, such as a misnomer or misidentification.'") (quoting and emphasizing Jacobsen, 133 F.3d at 320); Braud v. Transport Serv. Co. of Ill., 445 F.3d 801, 806 n.12 (5th Cir. 2006) (explaining that while "rule 15(c)(3) appears to refer only to the changing or substitution of defendants, not to the addition of new defendants without any substitution of the old ones," "a case involving misnomer of a defendant is an exception to the more general rule

17

that the addition of a new defendant commences a new proceeding");
Ultraflo Corp. v. Pelican Tank Parts, Inc., 926 F. Supp. 2d 935,
946-47 (S.D. Tex. 2013)(recognizing that "[a] failure to name the
correct defendant due to a lack of knowledge of the proper party
is not a mistake and will not allow a plaintiff to avail itself of
the relation back doctrine") (citing Jacobsen, 133 F.3d at 321);
Williams v. Pa. R.R., 91 F. Supp. 652 (D. Del. 1950) ("If the
amendment is granted and its effect is merely to correct a
misnomer, there is no doubt that the amendment would relate back
in time to the date of the original complaint. But if its effect
is to make a new party to the suit, the amendment would not relate
back ....") (cited in Braud, 445 F.3d at 806 n.12; cf. White v.
McMillin, No. 3:09cv120-DPJ-FKB, 2011 WL 3555766, at *8 (S.D.
Miss. Aug. 11, 2011) (observing that "[a]lthough Jacobsen does not
address amendments to add previously unnamed defendants—as opposed
to substituted John Doe defendants—it contemplates the need to
show notice and a mistake in pleading, neither of which are
apparent in this case.").

As indicated supra, under Mississippi Rule 15(c), "[a]n
amendment changing the party against whom a claim is asserted"
will relate back where it arises from "the conduct, transaction,
or occurrence set forth or attempted to be set forth in the
original pleading"; and within 120 days of filing the complaint
"the party to be brought in by amendment" received notice of the

action such that he "will not be prejudiced"; and the party to be brought in "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against [him]." Miss. R. Civ. P. 15(c)(1)-(2). Here, although plaintiff recites in her reply brief that Available Medical had notice of the lawsuit within 120 days of the filing of her complaint, and she asserts further that Available Medical knew or should have known that it would have been sued but for her mistake as to its identity/status, plaintiff has presented no evidence to support this assertion. Moreover, plaintiff readily admits she has no evidence as to "exactly when Jenkins or Available Medical had notice of the lawsuit," stating simply that "this topic was not at issue during Larry Jenkins' deposition" and that consequently, "further inquiry and discovery may be necessary regarding the actual date upon which Available Medical learned of Plaintiff's lawsuit."[5]  She maintains, though, that it is not incumbent on her at this point in the proceedings to demonstrate that she in fact has a viable claim.  Rather, according to plaintiff, the amendment should be allowed so long as the face of her complaint states a colorable claim.  See Harmon v. McCreary, No. 07-3-DLB, 2007 WL 4163879, *3 (E.D. Ky. Nov. 20, 2007) (cited

---

[5]     The fact that plaintiff may not have explored the topic in Jenkins's deposition does not mean that it was not a topic that needed to be explored if she intended to seek to add Available Medical as a party.

by plaintiff).   That is, plaintiff submits that the court should
grant her leave to file an amended complaint which on its face is
time-barred and give her the opportunity post-amendment to show
that the complaint is timely under relation-back principles.
Regardless of whether such an approach might be proper, it is
certainly not required, and in the court's view, it is not
advisable, particularly given that the effect of allowing the
amendment would be to destroy this court's jurisdiction.   See
Crostley v. Lamar County, Texas, 717 F.3d 410, 421 (5th Cir. 2013)
(affirming denial of leave to amend to add party to litigation
where complaint on its face was time-barred and requirements for
relation back under Rule 15(c) were not present); United States v.
Gonzalez, 592 F.3d 675, 681 (5th Cir. 2009) (finding amendment
would have been futile where proposed amendment did not relate
back to the original complaint and was therefore time-barred); see
also Tatum v. RJR Pension Inv. Committee, 761 F.3d 346, 371 (4th
Cir. 2014) (affirming denial of motion to amend on ground that the
plaintiff's claims against the defendants proposed to be added did
not "relate back" to those in his first amended complaint, and
thus the statute of limitations barred suit against them);
Anderson v. Bondex Intern., Inc., 552 Fed. App'x 153, 156 (3d Cir.
2014) (holding that where a claim is barred by the statute of
limitations, amendment is only permitted if the proposed amended
complaint "relates back to the date of the original pleading"

pursuant to Rule 15(c)); <u>Keel v. Tilton</u>, 487 Fed. App'x 394 (9th
Cir. 2012) (finding no abuse of discretion in denying motion to
amend because new claims would have been untimely because they did
not relate back to the claims set forth in the original petition);
<u>Presnell v. Paulding County, Ga.</u>, 454 Fed. App'x 763, 768 (11th
Cir. 2011) (finding no abuse of discretion in denying motion to
amend to add new parties as the plaintiff failed to establish the
requirements of relation back and hence the claims against the new
parties would have been barred by the statute of limitations,
making the amendment futile); <u>Coons v. Industrial Knife Co., Inc.</u>,
620 F.3d 38, 44 (1st Cir. 2010) (holding that once the defendant
showed that the claims exceeded the limitations period, it was the
plaintiff's burden to allege facts which would take his claim
outside the statute).

In <u>Hensgens v. Deere & Co.</u>, the Fifth Circuit found that
where a plaintiff seeks to add a nondiverse defendant in a removed
diversity case, the court confronts competing interests:  "On one
hand, there is the danger of parallel federal/state proceedings
with the inherent dangers of inconsistent results and the waste of
judicial resources.  On the other side, the diverse defendant has
an interest in retaining the federal forum."  833 F.2d 1179, 1182
(5th Cir. 1987).  The court held:

> Because the court's decision will determine the
> continuance of its jurisdiction, the addition of a
> nondiverse party must not be permitted without

consideration of the original defendant's interest in
the choice of forum.  The district court, when faced
with an amended pleading naming a new nondiverse
defendant in a removed case, should scrutinize that
amendment more closely than an ordinary amendment. ...
In this situation, justice requires that the district
court consider a number of factors to balance the
defendant's interests in maintaining the federal forum
with the competing interests of not having parallel
lawsuits.  For example, the court should consider the
extent to which the purpose of the amendment is to
defeat federal jurisdiction, whether plaintiff has been
dilatory in asking for amendment, whether plaintiff will
be significantly injured if amendment is not allowed,
and any other factors bearing on the equities.  The
district court, with input from the defendant, should
then balance the equities and decide whether amendment
should be permitted.

Id.  Where a proposed amendment would be futile, however, there is

no danger of parallel federal/state proceedings and there are no

"competing interests."  See Wilson v. Bruks-Klockner, Inc., 602

F.3d 363, 368 (5th Cir. 2010) (reasoning that "[a]s a plaintiff

will not be 'significantly injured' by the denial of a clearly

meritless claim, it is within the district court's discretion to

deny the amendment as futile").  Because the court herein

concludes that plaintiff's proposed amendment should be denied as

futile, it is not necessary to further address the Hensgens

factors.

Addition: Graham-Field

Plaintiff has not contended, much less undertaken to show

that Graham-Field had notice of this lawsuit within 120 days of

the filing of plaintiff's original complaint.  Accordingly, her

22

request to amend to add Graham-Field as a defendant will be denied.

<u>Conclusion</u>

Based on all of the foregoing, it is ordered that plaintiff's motion to amend and to remand is denied.

SO ORDERED this 28th day of October, 2014.


/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE